UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MORRIS MULTIMEDIA, INC. et al                                              PLAINTIFFS

VERSUS                                               CIVIL ACTION NO. 1:08CV271-RHW

PEARL RIVER VALLEY ELECTRIC
POWER ASSOCIATION et al                                                    DEFENDANTS

## ORDER

Before the Court is Defendants' [91] Motion for Remittitur in the Amount of $103,500, or alternatively [95] Motion for New Trial on the Issue of Damages. Defendants also have filed a [93] Motion for Judgment as a Matter of Law pursuant to Rule 50(b). In a [89] Motion to Alter Judgment, Plaintiffs request that the Court award pre-judgment interest.

## Factual and Procedural Background

Plaintiffs own and operate a television station located in Gulfport, Mississippi, with a tower site in Perkinston. On July 8, 2005, Defendant MDR Construction, Inc. was performing a system improvement project for Defendant Pearl River Valley Electric Power Association. While working on the project near the Perkinston tower site, an employee of MDR Construction negligently dropped a copper "stinger" wire between an energized 14,100 volt phase conductor and a grounded transformer bank. Plaintiffs filed this lawsuit alleging that the incident caused damage to their transmitter and voltage regulator at the tower site. The Court conducted a jury trial beginning on December 2, 2009. On December 4, 2009, the jury returned a verdict for the Plaintiffs. The jury found that Plaintiffs sustained property damage in the amount of $150,000. The jury further attributed 25% of fault to Plaintiffs. Thus, the Court deducted 25% from the damages and entered an award in the amount of $112,500.

**Remittitur and New Trial**

Defendants argue that the jury's compensation award to repair the transmitter and to replace the Staco voltage regulator was contrary to the overwhelming weight of the evidence. Defendants contend that the fair market value of a used analog transmitter was established by trial testimony to be $12,000. Defendants further argue that the fair market value of an 18-year old Staco voltage regulator is $0. Hence, Defendants assert that the award should be reduced to $9,000 (75% of $12,000).

The present lawsuit was based on diversity jurisdiction; therefore, the Court is required to apply the law of Mississippi as it relates to remittitur and motions for new trial. *Foradori v. Harris*, 523 F.3d 477, 497 (5th Cir. 2008). Under Mississippi law, remittitur and/or the granting of a motion for new trial is appropriate when either the jury or trier of fact was influenced by bias, prejudice, or passion; or the damages were contrary to the overwhelming weight of credible evidence. Miss. Code Ann. § 11-1-55; *Foradori*, 523 F.3d at 498; *Entergy Mississippi, Inc. v. Bolden*, 854 So.2d 1051, 1058 (Miss. 2003). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of evidence. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). In the instant case, Defendants assert that the jury's award of damages was contrary to the overwhelming weight of the evidence.

Plaintiffs' recovery for repairs to their damaged property is capped at the pre-incident, fair market value of the damaged property. *See Thomas v. Global Boat Builders & Repairmen, Inc.*, 482 So.2d 1112, 1115 (Miss. 1986). Defendants assert that the trial testimony established that the pre-occurrence, fair market value of a used analog transmitter such as the one damaged in the incident was $12,000. Specifically, Plaintiffs purchased a used transmitter from a television

station in Kentucky for the purchase price of $12,000. The Kentucky station had retired this analog transmitter and replaced it with a combination analog and digital transmitter, and thus, no longer had a use for the analog transmitter. Plaintiffs then used donor parts from this used transmitter to repair their damaged transmitter. Testimony established that Plaintiffs also paid additional costs to have the used transmitter dismantled and shipped to Mississippi. Testimony and evidence also established that Plaintiffs purchased other parts to complete the repairs on the damaged transmitter. In addition, Plaintiffs paid $27,000 for repairs to a damaged klystron tube.

Raymond Luke, Plaintiffs' chief engineer, testified regarding the fair market value of the transmitter. Likewise, Harold Stanton, Plaintiffs' retained expert, testified about the reasonableness of cost and repair to the transmitter as well as the pre-incident, fair market value of the transmitter. They each placed the fair market value at approximately $250,000. These witnesses testified based on their extensive experience in the television industry. The fair market values established by the testimony of Stanton and Luke exceeded the amount spent on repairs to the Plaintiffs' damaged transmitter. Based on this testimony, the Court finds that the jury's award was not contrary to the overwhelming weight of the evidence.

With respect to the voltage regulator, Defendants argue that the testimony about the pre-incident fair market value of the voltage regulator was "unsubstantiated". Luke and Stanton both testified regarding the pre-occurrence fair market value of the damaged Staco voltage regulator. They based their opinions on their extensive experience in the industry. Based on the testimony of Luke and Stanton, the Court finds that damages awarded for the Staco voltage regulator were not contrary to the overwhelming weight of the evidence. Based on the foregoing, the Court finds that the motion for remittitur or new trial should be denied.

### **Rule 50(b) Judgment as a Matter of Law**

Defendants also argue that they are entitled to judgment as a matter of law pursuant to Rule 50(b). In what is essentially a restatement of their position from the motion for remittitur or new trial, Defendants argue that the jury's damages award is not supported by the evidence and testimony presented at trial.

A court may enter a judgment as a matter of law under Rule 50 only where there exists no legally sufficient evidentiary basis for the jury's verdict. *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 372 (5th Cir. 2000). "Judgment as a matter of law is proper after a party has been fully heard by the jury on a given issue, and 'there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue.'" *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997) (quoting Fed. R. Civ. P. 50(a)). In evaluating a motion for judgment as a matter of law, the court is to consider all of the evidence in the light most favorable to the non-movant, drawing all factual inferences if favor of the non-moving party, and leaving credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts to the jury. *Id.*

Defendants essentially assail the proper weight that should have been given to the competing evidence presented at trial. As explained in the analysis above, Plaintiffs presented sufficient evidence and testimony regarding the fair market value of the transmitter and voltage regulator to support the jury's damages award. Given that the trial court applies a less demanding standard for granting a motion for new trial than it would for judgment as a matter of law, Defendants Rule 50(b) motion must also be denied. *See Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 n.2 (5th Cir. 1998).

**Pre-judgment Interest**

Plaintiffs request that they be awarded prejudgment interest dating from August 9, 2006 (the date of the last damage/repair payment made by Plaintiffs) to December 16, 2009 (the date Judgment was entered). Defendants counter that prejudgment interest is not justified because the damages were not liquidated prior to trial, liability was disputed, and Plaintiffs failed to request prejudgment interest in their complaint.

The issue of prejudgment interest is governed by applicable state law. *Canal Ins. Co. v. First General Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990). Whether to award prejudgment interest rests in the discretion of the trial judge. *Upchurch Plumbing Inc. v. Greenwood Utilities Comm.*, 964 So.2d 1100, 1117 (Miss. 2007). Prejudgment interest may be allowed in those cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith. *Id.* The plaintiff must specifically demand prejudgment interest in the complaint; however, the complaint need not allege the specific date from which prejudgment is due. *Id.* at 1117-18.

As an initial matter, it is debatable whether Plaintiffs have demanded prejudgment interest with the requisite specificity. In the concluding paragraph of their Complaint, Plaintiffs seek judgment ". . .in an amount in excess of $190,000, together with costs, interests, and any other relief deemed appropriate by this Court." The relevant inquiry is whether this request for ". . . interests. . . ", without more, was adequate to put Defendants on notice that Plaintiffs were seeking prejudgment interest. *See Upchurch*, 964 So.2d at 1117-18; *but see Gulf City Seafoods, Inc. v. Oriental Foods, Inc.*, 986 So.2d 974, 980-81 (Miss. App. 2007) (holding that failure to use key phrase "prejudgment interest" did not preclude award). Even if Plaintiffs provided

5

adequate notice, the Court finds that the damages in this case were not liquidated because the amount and measure of damages were in dispute. *See Stockstill v. Gammill*, 943 So.2d 35, 50 (Miss. 2006)("'[n]o award of prejudgment interest may rationally be made where the principal amount has not been fixed prior to judgment.'" quoting *Warwick v. Matheney*, 603 So.2d 330, 342 (Miss. 1992)); *Cain v. Cain*, 967 So.2d 654, 664 (Miss. App. 2007)("[prejudgment] [i]nterest may be awarded when the amount of damages is certain"); *Sports Page, Inc. v. Punzo*, 900 So.2d 1193, 1205-06 (Miss. App. 2005)("an amount of damages that is legitimately in dispute is not liquidated"); *see also* Robert A. Weems & Robert M. Weems Mississippi Law of Torts, § 18:27 (comparing breach of contract cases and noting that "prejudgment interest will not be available in the typical tort case . . . , since tort claims are generally not liquidated when the claim is made"). Based on the foregoing, the Court declines to award prejudgment interest.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [91, 93, 95] Motions are DENIED, and that Plaintiffs' [89] Motion to Alter Judgment is DENIED.

SO ORDERED, this the 19th day of April, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE