UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MORRIS MULTIMEDIA, INC. et al                                              PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO. 1:08CV271-RHW

PEARL RIVER VALLEY ELECTRIC
POWER ASSOCIATION et al                                                    DEFENDANTS

## ORDER GRANTING IN PART MOTION OBJECTING TO PLAINTIFFS' BILL OF COSTS

Before the Court is Defendants' [98] Motion in Objection to Plaintiffs' [81] Bill of Costs. The jury returned a verdict in favor of Plaintiffs, but found Plaintiffs to be 25 % at fault. After reducing the damages accordingly, the Court entered judgment in Plaintiffs' favor in the amount of $112,500. In their motion, Defendants object to specific items listed in Plaintiffs' Bill of Costs. Specifically, Defendants object to the following items: (1) deposition retainer fee of $ 750 paid by Plaintiffs to Defendants' expert John Owens; (2) Plaintiffs' counsel's travel expenses for attending depositions, pre-trial conference, and trial; and (3) deposition transcript costs. Defendants also request a 25 % reduction of the remaining costs based on the apportionment of fault found by the jury.

Plaintiffs seek $ 750 in fees paid by Plaintiffs to Defendants' expert John Owens. Defendants argue that Plaintiffs are entitled only to the statutory fee of $ 40. The well-settled rule is that expert witness fees may be taxed as costs only in the amount provided under 28 U.S.C. § 1821. *See L&W Supply Corp. v. Acuity*, 475 F.3d 737, 738-41 (6th Cir. 2007); *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 462-63 (11th Cir. 1996); *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167-68 (9th Cir. 1995); Wright, Miller, Kane, FEDERAL PRACTICE AND PROCEDURE § 2678 (3d ed. 1998). Thus, with respect to Owens' deposition, the Court finds that Plaintiffs are

not entitled to costs in excess of the standard statutory fee of $ 40. The Plaintiffs' request for costs relating to the Owens deposition should be reduced by $ 710.

Plaintiffs seek $ 6,087.29 in travel expenses for Plaintiffs' counsel associated with the taking of depositions and attendance at the pre-trial conference and trial. Travel expenses ordinarily are not taxed as a cost absent extraordinary and compelling circumstances. *See Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 983 (N.D.Ill 2003); *Dicecco v. Dillard House, Inc.*, 149 F.R.D. 239, 240 (N.D.Ga. 1993); Wright, FEDERAL PRACTICE AND PROCEDURE § 2676. Plaintiffs have made no showing of the existence of extraordinary and compelling circumstances. Thus, the Court finds that Plaintiffs are not entitled to costs for the travel expenses of Plaintiffs' out-of-state counsel. Plaintiffs' requested costs should be reduced by $ 6,087.29.

Defendants object to the payment of transcript fees for the depositions of William Thomas Shows, Thomas Carr, Larry Pickering, Mike Riley, Jerry Simmons, Raymond Luke, and Patrick Downs. Prevailing parties are entitled to recover the costs of original depositions and copies provided they were necessarily obtained for use in the case. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). A deposition need not be introduced into evidence at trial in order for the costs to be recoverable. *Id.* If, at the time it was taken, the deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. *Id.* Whether a deposition was necessarily obtained for use in the case is a factual determination to be made by the trial court. *Id.* at 285-86.

With respect to Luke and Downs, these individuals both testified at trial and were called as witnesses by the Defendants during their case-in-chief. Accordingly, the Court finds that their

deposition transcripts were reasonably expected to be used by Plaintiffs for trial preparation. Likewise, the Court finds that transcript costs related to Carr, Riley, Pickering and Simmons are recoverable. In the pre-trial order, Defendants identified each of these witnesses as "may call" witnesses for trial. Based on Defendants' pre-trial representation, the Court finds that the deposition transcripts were reasonably expected to be used for trial preparation, rather than merely for discovery. However, the Court will reduce the bill of costs for the transcript fee associated with William Thomas Shows. Plaintiffs have made no showing that Shows' deposition transcript was reasonably expected to be used for trial preparation. Other than pointing out that Shows' name was included in Defendants' responses to interrogatories, Plaintiffs' response is silent on the issue of Shows' deposition and its relationship to trial preparation. Hence, there is no basis for concluding that the deposition costs should be taxed against Defendants. The Bill of Costs should be reduced by $ 662.40.

The Court rejects Defendants' request to reduce costs by 25 %. Although fault was apportioned by the jury, Plaintiffs clearly were the prevailing party and should be awarded the full amount of costs allowable pursuant to this Order.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [98] Motion in Objection to Plaintiffs' [81] Bill of Costs is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that, in accordance with the findings in this Order, Plaintiffs' Bill of Costs be reduced from $ 11,512.44 to **$ 4,052.75.**

SO ORDERED, this the 19th day of April, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
